DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:   (415) 697-2000
Facsimile:    (415) 813-2045

Attorneys for
Defendant CITY OF ARCATA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHELLE CHARMAINE LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ARCATA; THOMAS CHAPMAN, individually and in his official capacity as City of Arcata Chief of Police; TOD DOKWEILER, individually and in his capacity as Lieutenant and Detective Sergeant for the City of Arcata; ERIC LOSEY, individually and in his capacity as Detective Police Officer for the City of Arcata; KRYSTLE ARMINIO, individually and in her capacity as a Police Officer for the City of Arcata; KAREN DIEMER, individually and in her official capacity of City of Arcata City Manager; and DOES 1 through 100,<br><br>Defendants. | Case No. 3:18-cv-07238-RMI<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINIFF'S FIRST AMENDED COMPLAINT**<br><br>Hon. Yvonne Gonzalez Rogers<br><br>Date:  May 28, 2019<br>Time:  2 p.m.<br>Ctrm:  1<br><br>Trial:  None |

## I. INTRODUCTION

Contrary to Plaintiff's arguments, (1) the "class-of-one" theory has no applicability to Plaintiff's Section 1983 claims for an alleged inadequate investigation, and (2) the California Gov't Code affords Defendants' protection for their role in the investigation of the death of Plaintiff's son.

## II. LEGAL ARGUMENT

### A. Class-of-One was not Plead as a Theory, and, if it were, it has no Application to the Plaintiff's Equal Protection Causes of Action.

Plaintiff argues that the present motion should be denied because "the FAC alleges with particularity facts sufficient to give rise to a Fourteenth Amendment equal protection violation based on the 'class-of-one' theory." (P's Opp, p. 4)  This response is faulty two ways.  First, there is no "class-of-one" theory in the FAC.  Secondly, the "class-of-one" theory does not apply to a civil rights claim for an alleged inadequate investigation into a loved one's death.

Plaintiff's FAC contains numerous complaints about Defendants' handling of the murder investigation.   The "Factual Allegations" section spans 20 pages (FAC, p. 4-24).  Causes of Action 1-4 focus on the alleged constitutional violations and span 7 pages.  (FAC, p. 24-30).  The "class-of-one" theory or a description of the theory (plaintiff is intentionally treated differently from others similarly situated) is not found anywhere in the FAC.   Regarding specificity in pleading, Defendants refer this Court to their "Standard of Review" section in their Motion to Dismiss.  Plaintiff has failed to properly plead, with specificity, factual allegations and violations of law related to her "class-of-one" theory.  Even if Plaintiff had done so then, and does so now by argument, the theory is inapplicable.

The "class-of-one" theory has no applicability to an "inadequate investigation" claim in which the plaintiff questions the adequacy of a police investigation.  In her opposition, Plaintiff cites *Village of Willowbrook v. Olech,* 528 U.S. 562 (2000) and *Enquist v. Oregon Dept. of Agr.,* 553 U.S. 591 (2008), which are clearly distinguishable.  In each case, the plaintiff alleged that he or she had been singled out and treated differently than others similarly situated.  Each plaintiff alleged that he or she therefore should find protection in the Due Process Clause.  In *Village,* the plaintiff was a homeowner who believed a municipality treated her poorly and differently than other homeowners.  In *Engquist*, a state employee claimed he was arbitrarily fired for malicious and vindictive reasons; the United States Supreme Court held that "class-of-one" does not apply to the public employment.  Here, Plaintiff cites no authority for her proposition that "class-of-one" theory applies to an inadequate investigation claim.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

301342.1

Defendants could similarly not find any authority for the theory that "class-of-one" is a constitutional right that can be anchored to a claim for inadequate investigation under § 1983. The lack of authority makes sense when we return to the case of *Gomez v. Whitney*, 752 F. 2d 1005 (9th Circuit 1985). If loved ones could connect the "class-of-one" theory to a claim for inadequate investigation, the rule (there is no right to a 1983 claim for an inadequate investigation) would be eviscerated. Any person who is dissatisfied with the criminal investigation (in which a loved one was a murder victim) would now be able to bring a constitutional claim every time that person questioned the work of law enforcement.

### B. Defendants are entitled to Immunity for Any Alleged Inadequate Investigation in the Death of Plaintiff's Son.

Defendants are unpersuaded by Plaintiff's arguments that the California Gov't Code immunity does not apply Defendants' investigation of the death of Plaintiff's son. Plaintiff argues that Defendants "conspired amongst themselves and deliberately made false and misleading statements about the investigation." (P's Opp, p. 13.) Plaintiff further alleges that "Defendants collectively conspired to deny her equal protection of the law by retaliating against her for criticizing their failure to investigate the murder of her son," (P's Opp, p. 13) and that they should not be afforded the protections of immunity. In addition to the state immunity arguments previously made in its Motion to Dismiss, Defendants remind this Court the "inadequate investigation" of the Defendants led to the arrest of Eric Zoellner and the filing of charges of murder against him for the death of David Lawson.

### III. CONCLUSION

Defendants respectfully request that this Court grant the Motion to Dismiss.

Respectfully submitted,

Dated: April 10, 2019

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Dale L. Allen*
DALE L. ALLEN, JR.
KEVIN P. ALLEN
Attorneys for CITY OF ARCATA